UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-62530

BPI SPORTS, LLC, a Florida limited
liability company,

        Plaintiff,

v.

YUP BRANDS, LLC, a Nevada limited
liability company,

        Defendant.
_____/

## FIRST AMENDED COMPLAINT

Plaintiff BPI Sports, LLC, a Florida limited liability company ("BPI"), sues Defendant YUP Brands, LLC, a Nevada limited liability company ("YUP"), and alleges:

### NATURE OF THE ACTION

1.    This is an action for unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a), unfair trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act, and trademark infringement and unfair competition under Florida common law.

### PARTIES

2.    BPI is a Florida limited liability company organized and existing under the laws of the State of Florida, with its principal place of business located in Hollywood, Florida. BPI's members are Florida citizens.

3.    YUP is a Nevada limited liability company organized and existing under the laws of the State of Nevada, with its principle place of business located in Las Vegas, Nevada. Upon information and belief, YUP's members are Nevada and California citizens.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over YUP because YUP conducts business in this District, has systematic and continuous business connections and contacts within this District, and committed and continues to commit torts in this District by advertising, marketing and selling the infringing products in this District.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C § 1338, 15 U.S.C. § 1121(a) and 28 U.S.C. § 1367 (supplemental jurisdiction), as well as pursuant to 28 U.S.C. § 1332 (diversity), as this dispute is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because YUP is subject to this Court's personal jurisdiction with respect to this action.

## GENERAL ALLEGATIONS

7. BPI is a sports nutrition company that is engaged in the business of manufacturing, selling and marketing various dietary and nutritional supplements, sports nutrition products, and other products and related goods.

8. Since at least as early as April 7, 2015, BPI has been marketing, advertising and selling its products using the mark "Be Better. Be Stronger. BPI." (the "Be Better Be Stronger Mark"). True and correct copies of the Be Better Be Stronger Mark, as used on BPI's product labeling, product packaging and website, are attached hereto as Composite Exhibit "A".

9. BPI owns and/or controls the Be Better Be Stronger Mark, which is the subject of a valid and subsisting trademark registration, U.S. Registration No. 4,906,209. The Be Better Be Stronger Mark was registered on February 23, 2016. A true and correct copy of the certificate of registration for the Be Better Be Stronger Mark is attached hereto as Exhibit "B".

2

Case 0:15-cv-62530-DPG Document 24-1 Entered on FLSD Docket 03/28/2016 Page 3 of 29

10. BPI has expended substantial resources to develop, promote, brand, market, sell, and maintain the quality of its products, and has invested over $2.5 million on marketing and advertising related expenses for the purpose of building name recognition and public association with the Be Better Be Stronger Mark.

11. YUP is also engaged in the business of manufacturing, selling and marketing dietary and nutritional products, and sells its products through the "YUP" brand name.

12. BPI and YUP are direct competitors in the dietary and nutritional product market.

13. Both BPI's and YUP's products are sold online through various Internet websites, as well as through other sports nutrition specialty stores domestically and internationally.

14. In an effort to trade off the substantial goodwill and reputation BPI has developed in its products and marks, YUP has recently begun marketing and advertising its products using a tagline that is confusingly similar to the Be Better Be Stronger Mark, directly infringing upon BPI's rights in this mark.

15. Specifically, BPI recently discovered that YUP is marketing and advertising its products using the tagline "Be Healthy. Be Better. B-Up.," directly infringing upon the Be Better Be Stronger Mark. True and correct copies of the "Be Healthy. Be Better. B-Up." tagline, as used on YUP's product packaging and labeling, are attached hereto as Composite Exhibit "C". True and correct copies of the "Be Healthy. Be Better. B-Up." tagline, as used on YUP advertising, are attached hereto as Composite Exhibit "D". Screenshots of YUP's webpage, Facebook page and GNC product pages displaying the "Be Healthy. Be Better. B-Up." tagline, taken on December 2, 2015, are attached hereto as Composite Exhibit "E".

16. The Be Better Be Stronger Mark is uniquely alliterative in its word play, alternating between the word "Be" and adverbs. The resulting cadence or rhythm of the mark – "**BE** BETTER **BE** STRONGER **B**PI" – provides an auditory commercial impression that is understood by

3

Case 0:15-cv-62530-DPG Document 22-1 Entered on FLSD Docket 03/28/2016 Page 5 of 29

consumers to signify the products of BPI.

17. Like the Be Better Be Stronger Mark, YUP's "Be Healthy. Be Better. B-Up." tagline uses the same alliteration and the same pattern of alternating between the word "Be" and adverbs. The resulting cadence or rhythm of this tagline – "**BE** HEALTHY. **BE** BETTER. **B**-UP" – is thus likely to cause confusion or mistake, or is likely to deceive consumers, when used in connection with advertising and selling similar goods to the BPI products.

18. YUP is intentionally using the "Be Healthy. Be Better. B-Up." tagline in its product marketing, advertising, labeling and packaging for the purpose of misleading and confusing potential consumers of BPI products as to the origin of YUP's products, as well as to the relationship between BPI and YUP.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement under 15 U.S.C. § 1114(a))

19. BPI hereby incorporates by reference each and every allegation contained in paragraphs 1-18 as if set forth fully herein.

20. Because BPI manufactures, sells and markets its products using the Be Better Be Stronger Mark, this trademark is the means by which BPI's products are distinguished from the products of others in the same field or related fields. BPI's long, continuous, and exclusive use of the Be Better Be Stronger Mark has caused consumers, end users and the public to understand that the Be Better Be Stronger Mark signifies the products of BPI.

21. YUP's use of the "Be Healthy. Be Better. B-Up." tagline is likely to cause confusion, to cause mistake and to deceive consumers as to the distinction between BPI's products and YUP's products.

22. Accordingly, YUP's unauthorized use of the "Be Healthy. Be Better. B-Up." tagline constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114(a).

23. BPI has suffered actual damages as a result of YUP's trademark infringement in an

4

amount to be proven at trial. As a direct and proximate result of YUP's conduct, BPI has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill which has no adequate remedy at law and which will continue until YUP's conduct is preliminarily enjoined.

24. Because YUP had specific knowledge of the Be Better Be Stronger Mark when it improperly infringed upon the Be Better Be Stronger Mark, YUP's unauthorized use of the Be Better Be Stronger Mark was, and continues to be, a willful, intentional act undertaken in bad faith. Accordingly, BPI is further entitled to treble damages, as well as its attorneys' fees and costs incurred as a direct and proximate result of YUP's trademark infringement.

## SECOND CLAIM FOR RELIEF
**(False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a))**

25. BPI hereby incorporates by reference each and every allegation contained in paragraphs 1-18 as if set forth fully herein.

26. Because BPI manufactures, sells and markets its products using the Be Better Be Stronger Mark, this trademark is the means by which BPI's products are distinguished from the products of others in the same field or related fields. BPI's long, continuous, and exclusive use of the Be Better Be Stronger Mark has caused consumers, end users and the public to understand that the Be Better Be Stronger Mark signifies the products of BPI.

27. YUP's use of the "Be Healthy. Be Better. B-Up." tagline, which was subsequent to BPI's use of the Be Better Be Stronger Mark, is a false designations of origin, which is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of YUP with BPI and as to the origin, sponsorship, or approval of YUP's goods by BPI.

28. YUP's use of the confusingly similar "Be Healthy. Be Better. B-Up." tagline has at all times been willful, deliberate, and intentional, and is designed to wrongfully trade off the substantial investment and goodwill BPI has developed in its Be Better Be Stronger Mark.

29. YUP's use of the confusingly similar "Be Healthy. Be Better. B-Up." tagline constitutes

5

Case 0:15-cv-62530-DPG Document 22-1 Entered on FLSD Docket 03/28/2016 Page 7 of 29

unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), in that YUP has used, in connection with goods and services, a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of YUP with BPI and as to the origin, sponsorship, and approval of YUP's goods, services, and commercial activities by BPI.

30. As a direct and proximate result of YUP's conduct, BPI has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill which has no adequate remedy at law and which will continue until YUP's conduct is preliminarily and permanently enjoined.

31. As a direct and proximate result of YUP's false designation of origin and unfair competition, BPI has been forced to retain counsel to prosecute this claim and is entitled to recover its attorneys' fees and costs incurred herein.

## THIRD CLAIM FOR RELIEF
**(Common Law Trademark Infringement under Florida Law)**

32. BPI hereby incorporates by reference each and every allegation contained in paragraphs 1-18 as if set forth fully herein.

33. YUP adopted and began using the "Be Healthy. Be Better. B-Up." tagline with notice of BPI's prior use of its Be Better Be Stronger Mark.

34. The "Be Healthy. Be Better. B-Up." tagline is confusingly similar to BPI's Be Better Be Stronger Mark.

35. YUP uses the confusingly similar "Be Healthy. Be Better. B-Up." tagline to market, advertise and sell its products in ways likely to result in consumer confusion or mistake, and/or to deceive consumers, as to the distinction between BPI's products and YUP's products and as to the origin, sponsorship, and approval of YUP's goods, services, and commercial activities by BPI.

36. YUP's use of the confusingly similar "Be Healthy. Be Better. B-Up." tagline is without

6

the license or consent of BPI.

37. Accordingly, YUP's use of the confusingly similar "Be Healthy. Be Better. B-Up." tagline constitutes infringement of BPI's common law trademark rights under the laws of the State of Florida.

38. As a direct and proximate result of YUP's use of the confusingly similar "Be Healthy. Be Better. B-Up." tagline, BPI has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill which has no adequate remedy at law and which will continue until YUP's conduct is preliminarily and permanently enjoined.

### FOURTH CLAIM FOR RELIEF
**(Common Law Unfair Competition under Florida Law)**

39. BPI hereby incorporates by reference each and every allegation contained in paragraphs 1-18 as if set forth fully herein.

40. YUP has engaged in unfair competition by using the confusingly similar "Be Healthy. Be Better. B-Up." tagline to market, advertise and sell its products in ways likely to result in consumer confusion or mistake, and/or to deceive consumers, as to the distinction between BPI's products and YUP's products, and as to the affiliation, connection, or association of YUP with BPI and as to the origin, sponsorship, and approval of YUP's goods, services, and commercial activities by BPI.

41. As a direct and proximate result of YUP's unfair competition, BPI has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill which has no adequate remedy at law and which will continue until YUP's conduct is preliminarily and permanently enjoined.

### FIFTH CLAIM FOR RELIEF
**(Violation of the Florida Deceptive and Unfair Trade Practices Act)**

42. BPI hereby incorporates by reference each and every allegation contained in paragraphs 1-18 as if set forth fully herein.

7

43. This claim arises under Chapter 501, Florida Statutes, known as the "Florida Deceptive and Unfair Trade Practices Act" (or "FDUTPA"), based upon the above alleged wrongdoing.

44. YUP is engaged in "trade or commerce" as defined by Fla. Stat. § 501.203(8).

45. YUP has engaged in unfair methods of competition in trade or commerce by using the confusingly similar "Be Healthy. Be Better. B-Up." tagline to market, advertise and sell its products in ways likely to result in consumer confusion or mistake, and/or to deceive consumers, as to the distinction between BPI's products and YUP's products, and as to the affiliation, connection, or association of YUP with BPI and as to the origin, sponsorship, and approval of YUP's goods, services, and commercial activities by BPI.

46. As a direct and proximate result of YUP's unfair trade practices, BPI has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill which has no adequate remedy at law and which will continue until YUP's conduct is preliminarily and permanently enjoined.

47. BPI is entitled to and seeks injunctive relief pursuant to Fla. Stat. § 501.211(1) to enjoin YUP from violating this section and from further engaging in prohibited acts.

48. BPI is entitled to and seek all costs and attorneys' fees incurred in relation to the investigation, prosecution and/or enforcement of this action under Fla. Stat. § 501.2105(1).

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, BPI demands trial by jury for all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, BPI respectfully prays for relief as follows:

A. That the Court enter judgment in favor of BPI and against YUP on all claims for relief alleged herein;

8

B. That the Court enter a preliminary and permanent injunction, pursuant to 15 U.S.C. § 1116 and Fla. Stat. § 501.211(1), prohibiting YUP and its respective officers, agents, servants, employees, and/or all other persons or companies acting in concert or participation with it, from using the "Be Healthy. Be Better. B-Up." tagline or any other marks confusingly similar to the Be Better Be Stronger Mark;

C. That YUP and its respective officers, agents, servants, employees, and/or all other persons or companies acting in concert or participation with it, be ordered to forever end using the "Be Healthy. Be Better. B-Up." tagline in any advertising, marketing or product labeling or packaging;

D. That YUP be directed to file with this Court, and serve on BPI within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which YUP has complied with the injunction pursuant to 15 U.S.C. § 1116 and Fla. Stat. § 501.211(1);

E. That YUP be required to account to BPI for any and all profits derived by YUP and all damages sustained by BPI by virtue of the actions of YUP complained of herein;

F. That YUP be ordered to pay to BPI any and all profits derived by YUP and all damages which BPI has sustained as a consequence of the actions of YUP complained of herein pursuant to 15 U.S.C. § 1117;

G. That an award of interest, reasonable costs, expenses and attorneys; fees be awarded to BPI pursuant to 15 U.S.C. § 1117 and Fla. Stat. § 501.2105(1);

H. That the Court award BPI such other further relief as the Court may deem proper and just.

9

Dated: March 28, 2016

Cary A. Lubetsky / Florida Bar No. 961360
cal@khllaw.com
KRINZMAN, HUSS & LUBETSKY, LLP
800 Brickell Avenue, Suite 1501
Miami, Florida 33131
Telephone: (305) 854-9700
Facsimile: (305) 854-0508

Respectfully submitted,

*/s/ John C. Carey*
John C. Carey / Florida Bar No. 78379
jcarey@careyrodriguez.com
Frank S. Hedin / Florida Bar No. 109698
fhedin@careyrodriguez.com
CAREY RODRIGUEZ
O'KEEFE MILIAN GONYA, LLP
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile: (305) 372-7475

*Counsel for BPI*