IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| BPI SPORTS, LLC, a Florida limited liability company, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| YUP BRANDS, LLC, a Nevada limited liability company, | § § § | |
| Defendant. | § § § | CIVIL ACTION NO. 0:15-cv-62530-DPG |
| YUP BRANDS, LLC, a Nevada limited liability company, | § § § | (DEMAND FOR JURY TRIAL) |
| Counter-Plaintiff, | § § | |
| v. | § § | |
| BPI SPORTS, LLC, a Florida limited liability company, | § § § | |
| Counter-Defendant. | § § | |

## ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM

Now comes Defendant YUP Brands, LLC ("YUP" or "Defendant") and, in response to Plaintiff's Amended Complaint [DE 24], states as follows:

1.      Defendant admits that Plaintiff has asserted the listed claims in the Amended Complaint.

2.      Defendant denies the allegations contained in Paragraph 2 for lack of knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

3.      Defendant denies its members are Nevada citizens. Defendant admits the remaining averments in paragraph 3 of the Amended Complaint.

4.   Defendant admits that it conducts business in the District, and that it has business connections and contacts within the District. Defendant denies that it has committed any tort in the District. Any remaining allegations in paragraph 4 are denied.

5.   Defendant admits the averments in paragraph 5 of the Amended Complaint.

6.   Defendant admits the averments in paragraph 6 of the Amended Complaint.

7.   Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph 7 of the Amended Complaint, and therefore denies same.

8.   Defendant denies the averments in paragraph 8 of the Amended Complaint. On Oct 28, 2015, Plaintiff filed a "Statement of Use" with the USPTO for the mark "Be Better. Be Stronger. BPI." Pursuant to said statement of use, Plaintiff's actual first of said mark occurred one month later on May 7, 2015. Furthermore, Plaintiff's first use of said mark also actually occurred on May 7, 2015. A true and correct copy of Plaintiff's Statement of Use is attached as Exhibit "A."

9.   Defendant admits that BPI is the owner of U.S. Registration No. 4,906,209, the Be Better Be Stronger Mark, which was registered on February 23, 2016. The remaining allegations are denied.

10.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph 10 of the Amended Complaint, and therefore denies same.

11.  Defendant admits the averments in paragraph 11 of the Amended Complaint.

12.  Defendant admits the averments in paragraph 12 of the Amended Complaint.

13.  Defendant admits the averments in paragraph 13 of the Amended Complaint.

14.   Defendant admits that it markets and advertises its products using a tagline that is confusingly similar to Plaintiff's "Be Better. Be Stronger. BPI." mark. The remaining allegations in paragraph 14 are denied.

15.   Defendant denies Plaintiff's description of its marks. Defendant markets and advertises its products using the trademark "Be Healthy. Be Better. B-UP." Defendant admits that the referenced exhibits are true and correct copies of Defendant's advertising and promotional materials, websites, social media accounts, products, and packaging, and third party retailer's listings of Defendant's products. Defendant admits that the Defendant's mark "Be Healthy. Be Better. BUP." and Plaintiff's mark "Be Better. Be Stronger. BPI." are confusingly similar. Defendant denies it infringed Plaintiff's mark. Any remaining allegations are denied.

16.   Defendant admits that "Be Better. Be Stronger. BPI." is alliterative in its word play, due to its alternating between the word "Be" and adverbs. Defendant admits that a unique cadence or rhythm results from alternating between the word "Be" and adverbs, which creates a unique auditory commercial impression that is able to be understood by consumers to signify the source of a product. Defendant denies that consumers associate said unique auditory commercial impression with Plaintiff. Any remaining allegations in are denied.

17.   Defendant admits that Defendant's trademark "Be Healthy. Be Better. BUP." mark and Plaintiff's "Be Better. Be Stronger. BPI." tagline both use the same alliteration and the same pattern of alternating between the word "Be" and adverbs. Defendant admits that the similarity in the resulting cadence or rhythm of the respective marks is likely to cause confusion or mistake, or is likely to deceive consumers, when used by both parties in connection with advertising and selling of their respective similar goods. Defendant denies that its use of its mark has caused or will cause confusion or mistake, or is likely to deceive consumers, when used in connection with

advertising and selling of its goods. Any remaining allegations are denied.

18.   Defendant denies the averments in paragraph 18 of the Amended Complaint.

19.   Paragraph 19 of the Complaint is a reincorporation paragraph, and Defendant has responded to each paragraph so incorporated by reference. Therefore no response is required to Paragraph 19.

20.   Defendant admits that BPI manufactures, sells, and markets its products using the mark "Be Better. Be Stronger. BPI." The remaining allegations in paragraph 19 are denied.

21.   Defendant denies the averments in paragraph 21 of the Amended Complaint.

22.   Defendant denies the averments in paragraph 22 of the Amended Complaint.

23.   Defendant denies the averments in paragraph 23 of the Amended Complaint.

24.   Defendant denies the averments in paragraph 24 of the Amended Complaint.

25.   Paragraph 25 of the Complaint is a reincorporation paragraph, and Defendant has responded to each paragraph so incorporated by reference. Therefore no response is required to Paragraph 25.

26.   Defendant denies the averments in paragraph 26 of the Amended Complaint.

27.   Defendant denies the averments in paragraph 27 of the Amended Complaint.

28.   Defendant denies the averments in paragraph 28 of the Amended Complaint.

29.   Defendant denies the averments in paragraph 29 of the Amended Complaint.

30.   Defendant denies the averments in paragraph 30 of the Amended Complaint.

31.   Defendant denies the averments in paragraph 31 of the Amended Complaint.

32.   Paragraph 32 of the Complaint is a reincorporation paragraph, and Defendant has responded to each paragraph so incorporated by reference. Therefore no response is required to Paragraph 32.

33.  Defendant denies the averments in paragraph 33 of the Amended Complaint.

34.  Defendant admits the averments in paragraph 34 of the Amended Complaint.

35.  Defendant admits that YUP uses the "Be Healthy. Be Better. BUP." tagline to market, advertise and sell its products, and that its mark is confusingly similar to BPI's mark. The remaining averments are denied.

36.  Defendant admits the averments in paragraph 36 of the Amended Complaint.

37.  Defendant denies the averments in paragraph 37 of the Amended Complaint.

38.  Defendant denies the averments in paragraph 38 of the Amended Complaint.

39.  Paragraph 39 of the Complaint is a reincorporation paragraph, and Defendant has responded to each paragraph so incorporated by reference. Therefore no response is required to Paragraph 39.

40.  Defendant denies the averments in paragraph 40 of the Amended Complaint.

41.  Defendant denies the averments in paragraph 41 of the Amended Complaint.

42.  Paragraph 42 of the Complaint is a reincorporation paragraph, and Defendant has responded to each paragraph so incorporated by reference. Therefore no response is required to Paragraph 42.

43.  The allegation in paragraph 43 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 43.

44.  Defendant admits the averments in paragraph 44 of the Amended Complaint.

45.  Defendant denies the averments in paragraph 45 of the Amended Complaint.

46.  Defendant denies the averments in paragraph 46 of the Amended Complaint.

47.  Defendant denies the averments in paragraph 47 of the Amended Complaint.

48.  Defendant denies the averments in paragraph 48 of the Amended Complaint.

49.  Defendant denies Plaintiff is entitled to relief as set forth in the Prayer for Relief.

50.  Defendant denies each and every allegation of the Amended Complaint not admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Amended Complaint and each purported claim for relief therein fails to state a claim upon which relief can be granted against Defendant.

2. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Specifically, upon information and belief, Plaintiff was aware, prior to the filing of its lawsuit, that Defendant was the true senior user of the disputed trademarks.

3. Plaintiff's claims are barred because it has not suffered any actual injury or harm as a result of the conduct of Defendant alleged in the claims.

4. Plaintiff's claims are barred because Defendant is the senior use of the marks addressed in the claims, as its use of the mark "Be Healthy. Be Better. BUP." precedes Plaintiff's use of the tagline, "Be Better. Be Stronger. BPI.," by more than a full year.

5. Plaintiff's claims are barred because Plaintiff had notice that Defendant was the owner of federal trademark registration number 4,788,317, for the mark "Be Healthy. Be Better. BUP."

WHEREFORE, Defendant, having answered the Amended Complaint, requests that it be denied in its entirety, with prejudice, and that it be awarded its reasonable attorneys' fees and costs incurred in defending this action pursuant to 15 USC § 1117, together with such further relief as the Court deems just and proper.  Defendant demands a jury trial for all matters so triable.

## COUNTERCLAIMS

For its counterclaims against counter-defendant BPI Sports, LLC (hereinafter "BPI" or "Counter-Defendant"), counterclaimants, YUP Brands LLC (hereinafter "YUP" or "Counter-Plaintiff"), alleges as follows:

## NATURE OF THE ACTION

1.    This is an action at law and in equity for trademark infringement, unfair competition and deceptive trade practices arising under the Trademark Act of 1946, 15 U.S.C. §1051 et seq. ("Lanham Act"), unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a), unfair trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act, and trademark infringement and unfair competition under Florida common law.

2.    Since early 2014, Counter-Plaintiff YUP Brands, LLC has marketed its goods and services under the federally registered trademark "Be Healthy. Be Better. BUP.®"

3.    In 2015, Counter-Defendant BPI began marketing its goods and services under the tagline, "Be Better. Be Stronger. BPI."

4.    BPI's use of "Be Better. Be Stronger. BPI.," which is confusing similar to YUP's trademark "Be Healthy. Be Better. BUP.," is intentionally designed to mislead and confuse consumers into believing that BPI's goods are sponsored, affiliated, or licensed by YUP. BPI's actions constitute trademark infringement and unfair competition under federal and state law.

## PARTIES

5.    YUP is a Nevada limited liability company organized under the laws of Nevada, with its principle place of business located in Las Vegas, Nevada.

6.    BPI is a Florida limited liability company organized under the laws of Florida, with its principal place of business located in Hollywood, Florida.

## JURISDICTION AND VENUE

7.     This Court has personal jurisdiction over BPI because BPI conducts business in this District, has systematic and continuous business connections and contacts within this District, and committed and continues to commit torts in this District by advertising, marketing and selling the infringing products in this District.

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C § 1338, 15 U.S.C. § 1121(a) and 28 U.S.C. § 1367 (supplemental jurisdiction), as well as pursuant to 28 U.S.C. § 1332 (diversity), as this dispute is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

9.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because BPI is subject to this Court's personal jurisdiction with respect to this action.

## GENERAL ALLEGATIONS

10.   YUP is a sports nutrition company that is engaged in the business of manufacturing, selling, and marketing various dietary and nutritional nutrition products, and other products and related goods.

11.   YUP is the owner of the trademark "Be Healthy. Be Better. BUP.," which it has continuously used to market, advertise and sell its products in commerce.

12.   Since at least as early as March 17, 2014, YUP has been marketing, advertising, and selling its products using the mark "Be Healthy. Be Better. BUP." True and correct copies of the "Be Healthy. Be Better. BUP." mark, as used on YUP's product packaging and website, are attached to the Amended Complaint (Dkt.24) at Exhibits C, D, & E.

13.   Through widespread and continuous use, YUP's mark has acquired an excellent reputation and is a valuable asset of YUP, the Counter-Plaintiff.

14.   Counter-Plaintiff's "Be Healthy. Be Better. BUP." mark is distinctive of its services and has become widely and favorably known in the minds of the public as identifying the source of its services.

15.   As a direct and proximate result of YUP's long usage and promotion of their services in interstate commerce, YUP owns valuable goodwill symbolized by the "Be Healthy. Be Better. BUP." mark.

16.   Counter-Plaintiff YUP has invested substantial financial and temporal resources to develop, promote, market, and maintain its "Be Healthy. Be Better. BUP." mark.

17.   On March 25, 2014, YUP filed federal trademark application No. 86231602 for "Be Healthy. Be Better. BUP." in International Class 005.

18.   On May 26, 2015, YUP's mark was published for oppositions in the Trademark Gazette.

19.   On August 11, 2015, YUP's mark "Be Healthy. Be Better. BUP." received federal registration number 4,788,317. A true and correct copy of the federal certificate of registration for the mark "Be Healthy. Be Better. BUP." is attached as Exhibit "B."

20.   YUP has applied for protection for its marks in numerous international venues.

21.   On April 8, 2014, YUP filed for protection of its mark in the European Union.

22.   On October 22, 2015, YUP's mark "BUP" received a Statement of grant of protection for the European Union.

23.   On April 25, 2014, YUP filed for protection of its mark in Australia.

24.   On November 12, 2014, YUP's mark "Be Healthy. Be Better. BUP" received a

national trademark, registration number 1,208,635, in Australia.

25.   On April 25, 2014, YUP filed for protection of its mark in Canada. Currently, YUP's Canadian application is still under examination by the Canadian Intellectual Property Office ("CIPO.")

26.   On October 8, 2015, YUP filed for protection of its mark in China ("WIPO reference number 926522701"). Currently, YUP's China application is still under examination by the World Intellectual Property Organization ("WIPO.")

27.   BPI is also engaged in the business of manufacturing, selling, and marketing dietary and nutritional products, and sells its products through the "BPI" brand name.

28.   YUP and BPI are direct competitors in the dietary and nutritional product market.

29.   Both YUP's and BPI's products are sold online through various Internet websites, as well as through other sports nutrition specialty stores domestically and internationally.

30.   In an effort to trade off the substantial goodwill and reputation YUP has developed in its products and marks, BPI has recently begun marketing and advertising its products using a tagline that is confusingly similar to the "Be Healthy. Be Better. BUP.," directly infringing upon YUP'S rights in this mark.

31.   Specifically, YUP recently became aware that BPI is marketing and advertising its products using the tagline "Be Better. Be Stronger. BPI.," directly infringing upon YUP's "Be Healthy. Be Better. BUP." trademark. True and correct copies of the "Be Better. Be Stronger. BPI." tagline, as used on BPI's product packaging and labeling, advertising, and website are attached to its Amended Complaint (Dkt.23) at Exhibit B.

32.   Further infringing on YUP's rights, BPI filed an application for "Be Better. Be Stronger. BPI.," which received U.S. Registration No. 4,906,209, on February 23, 2016.

33.  YUP's "Be Healthy. Be Better. BUP." trademark is uniquely alliterative in its word play, alternating between the word "Be" and adverbs. The resulting cadence or rhythm of the mark provides an auditory commercial impression that is understood by consumers to signify the products of YUP.

34.  Like YUP's mark, BPI's "Be Better. Be Stronger. BPI." tagline uses the same alliteration and the same pattern of alternating between the word "Be" and adverbs. The resulting cadence or rhythm of this tagline "Be Better. Be Stronger. BPI." is thus likely to cause confusion or mistake, or is likely to deceive consumers, when used in connection with advertising and selling similar goods to the YUP products.

35.  BPI is intentionally using the "Be Better Be Stronger. BPI." tagline in its product marketing, advertising, labeling and packaging for the purpose of misleading and confusing potential consumers of YUP products as to the origin of BPI's products, as well as to the relationship between YUP and BPI.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under the Lanham Act)

36.  YUP hereby incorporates by reference each and every allegation contained in paragraphs 1-35 as if set forth fully herein.

37.  YUP is the owner of the mark "Be Healthy. Be Better. BUP." registration No. 4,788,317, a valid, protectable registered trademark.

38.  BPI's use of the "Be Better. Be Stronger. BPI." mark, which was done so without the consent of the YUP,  is an infringement of YUP's registered trademark "Be Healthy. Be Better. BUp." and is likely to cause confusion, mistake and deception of the public as to the

identity and origin of YUP's goods and services, causing irreparable harm to YUP, for which there is no adequate remedy at law.

39.   As a direct and proximate result of BPI's use of the confusingly similar "Be Better. Be Stronger. BPI." mark, YUP has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill which has no adequate remedy at law and which will continue until BPI's conduct is preliminarily and permanently enjoined.

40.   By reason of the foregoing acts, BPI is liable to YUP for Trademark Infringement under 15 U.S.C. § 1114.

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin and
### Unfair Competition under 15 U.S.C. § 1125(a))

41.   YUP hereby incorporates by reference each and every allegation contained in paragraphs 1-35 as if set forth fully herein.

42.   Because YUP manufactures, sells and markets its products using the "Be Healthy. Be Better. BUP." mark, said trademark is the means by which its products are distinguished from the goods of others in the same or related fields.

43.   YUP's long, continuous, and exclusive use of the "Be Healthy. Be Better. BUP." mark has caused consumers, end users and the public to understand that the "Be Healthy. Be Better. BUP." mark signifies the products of YUP.

44.   BPI's use of the "Be Better Be Stronger. BPI." tagline, which was subsequent to YUP's use of the "Be Healthy. Be Better. BUP." mark, is a false designation of origin, which is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection, or association of BPI with YUP and as to the origin, sponsorship, or approval of BPI's goods by YUP.

45.   BPI's use of the confusingly similar "Be Better Be Stronger. BPI." tagline has at all times been willful, deliberate, and intentional, and is designed to wrongfully trade off the substantial investment and goodwill YUP has developed in its "Be Healthy. Be Better. BUP." trademark.

46.   BPI's use of the confusingly similar "Be Better Be Stronger. BPI." tagline constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), in that BPI has used, in connection with goods and services, a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, to cause mistake, and deceive as to the affiliation, connection, or association of BPI with YUP and as to the origin, sponsorship, and approval of BPI's goods and services by YUP.

47.   As a direct and proximate result of BPI's conduct, YUP has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill which has no adequate remedy at law and which will continue until BPI's conduct is preliminarily and permanently enjoined.

48.   As a direct and proximate result of BPI's false designation of origin and unfair competition, YUP has been forced to retain counsel to prosecute this claim and is entitled to recover its attorneys' fees and costs incurred herein.

## THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement under Florida Law)

49.   YUP hereby incorporates by reference each and every allegation contained in paragraphs 1-35 as if set forth fully herein.

50.   YUP used the "Be Healthy. Be Better. BUP." mark prior to any use of BPI's "Be Better. Be Stronger. BPI." YUP therefore acquired senior rights to BPI.

13

51.   BPI adopted and began using the tagline "Be Better. Be Stronger. BPI." with notice of YUP's prior use of its "Be Healthy. Be Better. BUP." Mark.

52.   BPI's tagline "Be Better. Be Stronger. BPI." is confusingly similar to YUP's "Be Healthy. Be Better. BUP." trademark.

53.   BPI uses the confusingly similar "Be Better. Be Stronger. BPI." tagline to market, and sell its products in ways likely to result in consumer confusion or mistake, and/or to deceive consumers, as to the distinction between YUP's products and BPI's products and as to the origin, sponsorship, and approval of BPI's goods, services, and commercial activities by YUP.

54.   BPI's use of the confusingly similar "Be Better. Be Stronger. BPI." tagline is without the license or consent of YUP.

55.   BPI's use of the confusingly similar "Be Better. Be Stronger. BPI." tagline constitutes infringement of YUP's trademark rights under the laws of the State of Florida.

56.   As a direct and proximate result of BPI's use of the confusingly similar "Be Better. Be Stronger. BPI." tagline, YUP has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill which has no adequate remedy at law and which will continue until BPI's conduct is preliminarily and permanently enjoined.

## FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition under Florida Law

57.   YUP hereby incorporates by reference each and every allegation contained in paragraphs 1-35 as if set forth fully herein.

58.   BPI has engaged in unfair competition by using the confusingly similar "Be Better. Be Stronger. BPI." tagline to market, advertise and sell its products in ways likely to result in consumer confusion or mistake, and/or to deceive consumers, as to the distinction between

14

YUP's products and BPI's products, and as to the affiliation, connection, or association of BPI with YUP and as to the origin, sponsorship, and approval of BPI's goods, services, and commercial activities by YUP.

59.  As a direct and proximate result of BPI's unfair competition, YUP has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill which has no adequate remedy at law and which will continue until BPI's conduct is preliminarily and permanently enjoined.

## FIFTH CLAIM FOR RELIEF

### (Violation of the Florida Deceptive and Unfair Trade Practices Act)

60.  YUP hereby incorporates by reference each and every allegation contained in paragraphs 1-35 as if set forth fully herein.

61.  This claim arises under Chapter 501, Florida Statutes, known as the "Florida Deceptive and Unfair Trade Practices Act" (or "FDUTPA"), based upon the above alleged wrongdoing.

62.  BPI is engaged in "trade or commerce" as defined by Fla. Stat. § 501.203(8).

63.  BPI has engaged in unfair methods of competition in trade or commerce by using the confusingly similar "Be Better. Be Stronger. BPI." tagline to market, advertise and sell its products in ways likely to result in consumer confusion or mistake, and/or to deceive consumers, as to the distinction between YUP's products and BPI's products, and as to the affiliation, connection, or association of BPI with YUP and as to the origin, sponsorship, and approval of BPI's goods, services, and commercial activities by YUP.

64.  As a direct and proximate result of BPI's unfair trade practices, YUP has suffered,

15

and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill which has no adequate remedy at law and which will continue until BPI's conduct is preliminarily and permanently enjoined.

65.   As a direct and proximate result of BPI's unfair trade practices, the market value of YUP's products has been materially harmed.

66.   YUP is entitled to and seeks injunctive relief pursuant to Fla. Stat. § 501.211(1) to enjoin BPI from violating this section and from further engaging in prohibited acts.

67.   YUP is entitled to and seek all costs and attorneys' fees incurred in relation to the investigation, prosecution and/or enforcement of this action under Fla. Stat. § 501.2105(1).

**SIXTH CLAIM FOR RELIEF**

**(Cancellation of U.S. Trademark Registration No. 4,906,209 Pursuant To 15 U.S.C. § 1119)**

68.   YUP realleges the allegations set forth in Paragraphs 1 through 35 of the Counterclaim as though fully set forth herein.

69.   BPI has alleged in this action that it owns U.S. Registration No. 4,906,209.

70.   YUP filed the "Be Healthy. Be Better. BUP." Mark, registration No. 4,788,317, prior to any use of BPI's "Be Better. Be Stronger. BPI." YUP therefore acquired senior rights to BPI.

71.   BPI adopted and began using the tagline "Be Better. Be Stronger. BPI." with notice of YUP's prior use of its "Be Healthy. Be Better. BUP." Mark.

72.   BPI's tagline "Be Better. Be Stronger. BPI." is confusingly similar to YUP's "Be Healthy. Be Better. BUP." trademark.

73.   BPI uses the confusingly similar "Be Better. Be Stronger. BPI." tagline to market, and sell its products in ways likely to result in consumer confusion or mistake, and/or to deceive consumers, as to the distinction between YUP's products and BPI's products and as to the origin,

16

sponsorship, and approval of BPI's goods, services, and commercial activities by YUP.

74.   BPI's use of the confusingly similar "Be Better. Be Stronger. BPI." tagline is without the license or consent of YUP.

75.   YUP has been and continues to be injured by the existence of U.S. Registration No. 4,906,209, and BPI's claim of exclusive rights in the purported trademark underlying that registration.

76.   Because BPI is not entitled to maintain any rights to the mark underlying Registration No. 4,906,209, including those rights accompanying a federal registration, the Court should issue appropriate orders pursuant to 15 U.S.C. § 1119 to the Director of the United States Patent and Trademark Office that U.S. Registration No. 4,906,209 be cancelled.

### SEVENTH CLAIM FOR RELIEF
### (Claim for Costs and Attorneys' Fees)

77.   YUP realleges the allegations set forth in Paragraphs 1 through 35 of the Counterclaim as though fully set forth herein.

78.   YUP has engaged the undersigned attorneys and agreed to pay them a reasonable fee.

79.   As stated in Paragraphs 19-24 of the Amended Complaint, BPI has brought this action pursuant in part to 15 U.S.C. § 1125(a) *et seq.*

80.   YUP is indisputably the senior user of the marks in question, and therefore the rightful owner of its registered trademark. At the time it filed its complaint and its amended complaint against YUP, BPI had specific knowledge of the priority ownership and use of the "Be Healthy. Be Better. BUP" federally registered trademark by YUP. BPI thus knowingly brought and continues to maintain its claim against YUP under 15 U.S.C. § 1125(a) without any basis in

fact or law. Therefore, BPI's conduct in bringing his claim under 15 U.S.C. § 1125(a) is frivolous and objectively unreasonable and, there is an unambiguous showing of extraordinary misconduct by Plaintiff.

81.   BPI's infringing and unauthorized use of the "Be Better. Be Stronger. BPI." mark was, and continues to be, a willful, intentional act undertaken in bad faith. Accordingly, YUP is further entitled to treble damages, as well as its attorneys' fees and costs incurred as a direct and proximate result of BPI's intentional trademark infringement.

82.   BPI's conduct in bringing this claim without basis has and continues to harm YUP.

83.   BPI is therefore liable for YUP's full costs and reasonable attorneys' fees as provided in 15 USC § 1117(a).

84.   An award to YUP of costs and reasonable attorneys' fees as provided in 15 USC § 1117(a), in defending itself against BPI's baseless claim would act as effective deterrent against future claims against innocent parties.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, YUP Brands, LLC, respectfully prays for relief as follows:

A. The Court enter judgment for YUP and against BPI on all claims for alleged herein;

B. The Court enter a preliminary and permanent injunction, pursuant to 15 U.S.C. § 1116 and Fla. Stat. § 501.211(1), prohibiting BPI and its respective officers, agents, employees, and all other persons or companies acting in concert with it, from using the "Be Better. Be Stronger. BPI." mark or any other marks confusingly similar to "Be Healthy. Be Better. BUP.";

18

C. That BPI and its respective officers, agents, servants, employees, and/or all other persons or companies acting in concert or participation with it, be ordered to forever end using the "Be Better. Be Stronger. BPI." or any other confusingly similar marks or taglines in any advertising, marketing or product labeling or packaging;

D. That BPI be directed to file with this Court, and serve on YUP within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which BPI has complied with the injunction pursuant to 15 U.S.C. § 1116 and Fla. Stat. § 501.211(1);

E. That this Court order the cancellation of U.S. Trademark Registration No. 4,906,209 for the mark "Be Better. Be Stronger. BPI."  pursuant to 15 U.S.C. § 1119;

F. That BPI be required to account to YUP for all profits derived by BPI and all damages sustained by YUP by virtue of BPI's actions complained of herein, including lost revenue and the cost of corrective advertising and SEO, and that such damages be trebled;

G. An accounting be directed to determine BPI's profits resulting from its activities and that such profits be disgorged to YUP and increased as the Court finds to be just under the circumstances of this case;

F. That BPI be ordered to pay to YUP any and all profits derived by BPI and all damages which YUP has sustained as a consequence of the actions of BPI complained of herein pursuant to 15 U.S.C. § 1117;

G. That YYP recover punitive damages;

H. That an award of interest, reasonable costs, expenses and attorneys; fees be awarded to YUP pursuant to 15 U.S.C. § 1117 and Fla. Stat. § 501.2105(1);

I. The Court award YUP such other further relief as it may deem proper and just.

Dated: April 19, 2016                    Respectfully submitted,

                                         /s/ Dione Carroll
                                         Dione C. Carroll, Esq.
                                         CARROLL LAW OFFICES, P.A.
                                         135 Chesterfield St. S.
                                         Aiken, SC 29801
                                         P:  (803) 514-2557
                                         F:  (866) 954-0184
                                         dione@carroll-law-offices.com

                                         C. Travis Tunnell, Esq.
                                         ANDERSON DAILEY LLP
                                         2002 Summit Boulevard
                                         Suite 1250
                                         Atlanta, GA 30319
                                         (404) 442-1800
                                         tunnel@andersondailey.com
                                         Pro Hac Vice

                                         *Counsel for YUP Brands, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **ANSWER AND COUNTERCLAIM** was served by the Court's ECF system, on April 19, 2016 on all counsel or parties of record on the following service list.

/s/ Dione Carroll

**Case No.: Case No.: 0:15-cv-62530-DPG**

**SERVICE LIST**

| | |
|---|---|
| Cary A. Lubetsky<br>cal@khllaw.com<br>**KRINZMAN, HUSS &**<br>**LUBETSKY, LLP**<br>800 Brickell Avenue, Suite 1501<br>Miami, Florida 33131<br>Telephone: (305) 854-9700 | Dione C. Carroll<br>dione@carroll-law-offices.com<br>**CARROLL LAW OFFICES, P.A.**<br>135 Chesterfield St. S.<br>Aiken, South Carolina 29801<br>Telephone: (803) 514-2557 |
| John C. Carey<br>jcarey@careyrodriguez.com<br>Frank S. Hedin<br>fhedin@careyrodriguez.com<br>**CAREY RODRIGUEZ MILIAN**<br>**GONYA, LLP**<br>1395 Brickell Avenue, Suite 700<br>Miami, Florida 33131<br>Telephone: (305) 372-7474 | C. Travis Tunnell<br>tunnel@andersondailey.com<br>**ANDERSON DAILEY LLP**<br>2002 Summit Boulevard<br>Suite 1250<br>Atlanta, Georgia 30319<br>Telephone: (404) 442-1800<br><br>Pro Hac Vice |
| **Counsel for Plaintiff/Counter-**<br>**Defendant**<br>**BPI Sports, LLC** | **Counsel for Defendant/Counter-**<br>**Plaintiff**<br>**YUP Brands, LLC** |